# PRACTICE REPORTS.

—•••—

## SUPREME COURT.

### LEONARD F. BANCROFT agt. CORNELIUS SHANNON, respondent.

The plaintiff recovered of defendant, in a justice's court. a verdict for $50, besides costs. The defendant appealed to the county court, and in his notice of appeal specified two grounds of error, as follows: "The judgment should be more favorable, to him in the following particulars: 1st. The judgment should have been for the defendant with costs. 2d. The plaintiff was entitled to recover no more than ten dollars, if any thing."

On the trial in the county court the plaintiff recovered a verdict of $40:

*Held*, that both particulars mentioned in the defendant's notice of appeal were *insufficient*, under the Code, and that the *plaintiff was entitled to costs*.

*Binghamton General Term, December,* 1870.

MILLER, PARKER *and* HOGEBOOM, *Justices.*

APPEAL from a readjustment of costs by the county court, on an appeal from a justice's judgment.

E. C. MOODY, *for plaintiff and appellant.*

F. B. SMITH, *for defendant and respondent.*

*By the court,* MILLER, P. J.—The plaintiff in justice's court recovered a verdict for fifty dollars besides costs. The defendant appealed to the county court, and the notice of appeal claimed that the judgment should be more favorable to him in the following particulars: 1st. The judgment

should have been for the defendant for costs. 2d. The plaintiff was entitled to recover no more than ten dollars, if any thing.

Upon the trial in the county court, a verdict was rendered in favor of the plaintiff for forty dollars. Each party claimed costs, and the clerk allowed costs to the plaintiff, which the county court on motion for a readjustment reversed, and directed the clerk to allow costs to the defendant. From this order the plaintiff appeals to the general term.

I think, that the first particular mentioned in the notice is insufficient to meet the requirement of section 371 of the Code, as amended in 1866. The amendment provides : " If he claims that the amount of the judgment is less favorable to him than it should have been," he, (the appellant) " shall state what should have been its amount." The same section further provides that, " within fifteen days after the service of the notice of appeal, the respondent may serve upon the appellant and justice, an offer in writing, to allow the judgment to be corrected in any of the particulars mentioned in the notice of appeal." A perusal of these two provisions in connection, renders it manifest, I think, that they were intended to relate to the *amount* of the judgment. If an offer is made to correct the judgment, it must relate to the *amount* named in the notice and not to an entire reversal. The appellant must state the *amount* wherein the judgment was erroneous, and the respondent is allowed the privilege of making an offer to have the judgment corrected in the particulars mentioned in the notice of appeal; that is, *the amount.*

If a different rule prevailed then the respondent would have no choice, but to consent to a reversal of the judgment with costs, when this is specified as a ground of error. Clearly this could not have been intended, as a subsequent portion of the same section provides, " that the appellant shall not recover costs unless the judgment appealed from shall be reversed on such appeal, or be made more favorable

Bancroft agt. Shannon.

to him to *the amount* of at least ten dollars." This provides for two classes of cases : 1st, for a reversal, and 2d, where there is a reduction of ten dollars in the amount. If a case of reversal was intended to be included within the provision as to the *amount* then there was no necessity of naming it in the portion of the section last cited.

The term "reversed," as employed in this section, and as quoted, I think, relates to an appeal where another trial is had, and a verdict rendered in favor of the appellant, quite as much, as to a case where the judgment is reviewed upon the return of the justice, and reversed for alleged errors. If a new trial is had and the appellant succeeds in changing the entire result, then the judgment of the court below is reversed.

The construction I have placed upon the provision cited, it seems to me, is the only rational interpretation which can be given, and is consistent with the apparent intention of the legislature. Its object was to enable a prevailing party to modify a judgment for too large an amount if he chose to do so, and thus prevent unnecessary and expensive litigation.

It was not designed, I think, to compel him to surrender his judgment and consent to a reversal at the hazard of paying costs if a reduction of ten dollars was had, and of being subjected to the severe penalty of all the costs of the litigation for a refusal to abandon entirely his claim.

As to the second ground stated, I think that it is not sufficient to entitle the defendant to costs within the principle of *Younghans* agt. *Finger*, decided at the last February general term of this department, where the notice was "that said judgment should not have been for more than $25 damages, besides costs."

The same point has also been recently decided the same way, by the general term of the fourth judicial department (*See Putnam* agt. *Heath*, 3 *Alby. L. Jour.*, 280).

As the costs were properly adjusted by the county clerk, the order of the county court must be reversed, with ten

Bancroft agt. Shannon.

dollars costs of opposing motion, and ten dollars costs of this appeal.

I concur in the result of the within opinion, if for no other ground, for the reason that we ought to accept the late cases of *Younghans* agt. *Finger*, and *Putnam* agt. *Heath*, as decisive till reversed.—HOGEBOOM, H.